R. W. HOLLENBECK v. B. N. PECK, Defendant, and
SARAH PECK, Defendant, Appellant.

**Fraudulent Conveyance: Trusts.** Defendants, husband and wife, pur-
chased land with money belonging to the wife, and, the title hav-
ing been by mistake made to the husband, the latter agreed to
repay her when the land was sold. This property was exchanged
for an eighty acre tract, to be conveyed to the wife, but neither
being present when the deed was executed, the husband's name
was inserted as grantee, the latter again promising that when the
land was sold his wife should have the money. The husband
afterwards purchased land adjoining the eighty acre tract, pay-
ing thereon five hundred dollars borrowed from B. for which he
gave his note. Subsequently defendants conveyed to W. the
eighty acre tract and twenty-five acres of the land adjoining,
receiving a cash payment of one thousand dollars which the wife
retained as her own. W. sold the land to K. and the latter recon-
veyed to the wife, who paid therefore the one thousand dollars
received from W., and the further sum of five hundred dollars
contributed by her husband. The wife believed that a husband
could not deed directly to his wife. Plaintiff, to whom B. had
assigned the note for five hundred dollars, and who had recovered
judgment thereon, brought an action against defendants to sub-
ject the land so repurchased in the wife's name to the payment
of his claim. It did not appear that B. lent the money on the
strength of the husband's title to the eighty acres, nor that
plaintiff relied thereon when he took an assignment of such note.
*Held*, that plaintiff was entitled to judgment as against the twenty-
five acre tract, but the wife was entitled to the eighty acres, free
from plaintiff's claim.

*Appeal from Adair District Court.*—HON. J. H. HEN-
DERSON, Judge.

THURSDAY, OCTOBER 24, 1895.

Plaintiff, a judgment creditor of the defendant B.
N. Peck, prosecutes this action to subject two pieces
of real estate described, to the payment of his judg-
ment. He alleges that at the time the promissory note
upon which said judgment was rendered was given

the defendant B. N. Peck was the owner in fee simple
of the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$, and 25 acres off the east side
of the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, of section 12, township 77,
range 33, Adair county, Iowa; that defendants exe-
cuted a deed for said land to Frank H. Wetmore, who
thereafter conveyed the same to R. B. Kemp, and that
said Kemp conveyed the same to the defendant Sarah
Peck. He alleges that said conveyances were made to
defraud and to hinder, delay, and defeat him in the
collection of said judgment, and that the same were
made without consideration; that defendants have
ever since been in possession of said land, and have
controlled the same, and paid taxes thereon; that the
defendant B. N. Peck has no other property out of
which plaintiff can collect his judgment; wherefore,
he asks that said deeds be set aside, and his judgment
declared to be a lien upon said land, and that he have
special execution. The defendants answered, admit-
ting the execution of the deeds as alleged, and deny-
ing that they were without consideration, or that they
were made to defraud, hinder or delay the plaintiff in
the collection of his judgment. They admit that the
defendant B. N. Peck held the legal title to said land
prior to said conveyances, and allege that he held the
same in trust for the defendant Sarah Peck, and that
she was the real and equitable owner thereof. They
admit that they have occupied the land since said
transfer to Wetmore, and allege that it was under
lease from Wetmore to Sarah Peck up to the time
that she, Sarah Peck, purchased the land from R. B.
Kemp. They allege that about December 30, 1891,
the defendant Sarah Peck purchased said land in
good faith, and for a valuable consideration paid by
her, from said Kemp, and that she is the absolute
owner in fee simple thereof. Decree was entered in
favor of the plaintiff as to the said twenty-five acres,
from which the defendant Sarah Peck appeals.

Decree was also entered in favor of the defendants dismissing plaintiff's petition as to said eighty-acre tract, from which plaintiff appeals.—*Affirmed.*

*Willard & Willard* and *C. A. Berry* for appellant.

*Hager & Haddock* and *Story & Gaines* for appellee.

Given, C. J.—I. The plaintiff's judgment was rendered April 2, 1890, upon a promissory note previously executed by the defendant B. N. Peck to a Mr. Bailey. At the time said note was given, B. N. Peck held the legal title to the lands in question, and continued to so hold and occupy the same up to February 5, 1890, at which time he and his wife joined in a deed thereof to Frank H. Wetmore. On March 23, 1890, Wetmore conveyed the land to R. B. Kemp, and on December 30, 1891, Kemp conveyed the same to the defendant Sarah Peck. In February or March, 1890, the defendant, B. N. Peck made a public sale of all his personal property, and since then has had no property subject to execution. The further facts material to be considered are mainly shown by the evidence of the defendant Sarah Peck, and are in substance as follows: About the year 1883 the defendants, husband and wife, came from Illinois, bringing with them two thousand one hundred dollars in money belonging to Mrs. Peck. They purchased a tract of land in Guthrie county, paying nine hundred and eighty dollars of this money thereon, and giving their mortgage for the balance of the purchase price. What remained of this two thousand one hundred dollars was expended in improving the land and in supporting the family, the greater part being in improvements. The title to this land was to be taken in the name of Sarah Peck, but by mistake it was taken to B. N. Peck. When Mrs. Peck discovered this fact, her

husband agreed to either convey her the land, or to pay her two thousand one hundred dollars when the land was sold. The defendants occupied this land for about seven years, when they traded it to one Herring for the eighty acres in question; Herring assuming the incumbrance of one thousand eight hundred dollars on the Guthrie county land, and agreeing to remove an incumbrance of six hundred dollars that was upon the eighty that defendants got. Herring failed to remove the six hundred dollars incumbrance, and gave to the defendant B. N. Peck a chattel mortgage, to indemnify him against said claim. It was agreed between the defendants that the title from Mr. Herring should be to Sarah Peck, but neither defendant being present when the deed was executed, and the contract being with B. N. Peck, the deed was made to him. Again B. N. Peck agreed that when the land was sold Mrs. Peck should have the money. Defendants went into possession of the eighty acres thus acquired, and resided thereon, and cultivated the same. Some time after going upon that eighty B. N. Peck purchased eighty acres adjoining on the south, paying thereon the five hundred dollars borrowed from Mr. Bailey, and for which the note was given upon which plaintiff's judgment was rendered. He afterwards sold all of said eighty except the twenty-five acres in controversy. Sarah Peck did not contribute anything to the payments made upon this south eighty. Both tracts were conveyed to Wetmore, as already stated, he assuming an incumbrance of six hundred dollars and one of four hundred dollars on the eighty in question, and paying in cash one thousand dollars, which Mrs. Peck took and retained as her own. Mrs. Peck testified that it was her intention to go to Kansas, but that because of sickness, and the desire of her son to remain in Iowa, she gave up that purpose and took a lease of the land from

Wetmore. She testifies that she concluded to purchase the land, and for that purpose placed the one thousand dollars which she had in the hands of Kemp, and the five hundred dollars, which she says was derived from the sale of stock and products of the farm. It will be observed that Wetmore only had the land from February 5th to March 23d; therefore the five hundred dollars could not have been derived from products of the farm while under the lease. Mrs. Peck says the five hundred dollars was "advanced by my husband, and raised on the farm." She stated that the agreement with Kemp was that he was to buy the farm and hold the title until three hundred dollars that he put into the payment to Wetmore was paid to him. In these statements Mrs. Peck stands uncontradicted, and we see no reason why credit should not be given to them.

II. The facts relating to the two pieces of land being different, we first inquire as to plaintiff's rights in the eighty-acre tract. It is clear, under the evidence, that up to the time of the conveyance to Wetmore, Mr. Peck held the eighty in trust for Mrs. Peck. There is no reason appearing why, as between them, a court of equity would not have decreed the eighty acres to Mrs. Peck. Mrs. Peck had permitted the title to this land to stand in the name of her husband, and they together had occupied it as their home. It does not appear, however, that credit was extended to B. N. Peck for the five hundred dollars for which plaintiff's judgment was rendered on account of his holding title to the land. The money was borrowed from Mrs. Peck's father, who had lived in the family, and no doubt knew how the land was acquired and held. It is not shown that plaintiff took the assignment of the note because of Mr. Peck's having title to the eighty acres. We must hold, therefore, as to him, that Mrs. Peck was entitled to have the eighty free from this

debt. It is charged that the conveyances to Wetmore and to Kemp and then to Mrs. Peck were made to vest her with the title to the land conveyed, and were fraudulent. It appears that Mr. and Mrs. Peck understood that a husband could not convey directly to his wife, and this gives color to the claim that these conveyances were to vest her with the title to the land. Let this be conceded; yet surely, that does not defeat her right to the eighty acres. We see nothing in the sale and conveyance to Wetmore and to Kemp and to Mrs. Peck that should subject the eighty acres to the payment of plaintiff's judgment. As to the twenty-five acres, the facts are different. Mrs. Peck had no interest in that land, except as wife of B. N. Peck. She joined in the conveyance to Wetmore, thereby divesting herself of all right. She contributed the one thousand dollars received from Wetmore to the repurchase of both tracts, and, according to her testimony, Mr. Peck contributed at least five hundred dollars. It is not clear how, nor by whom, the balance of the purchase price was paid. Mrs. Peck had no interest in the twenty-five acres, and as B. N. Peck contributed at least the value thereof to the repurchase, we conclude that Mrs. Peck should be held to hold said twenty-five acres in trust for her husband, and that the same should be subjected to the payment of the plaintiff's judgment. The decree of the district court is in accord with our conclusions, and it is therefore *affirmed.*